{¶ 80} I would reverse and remand this matter with instructions to the trial court to grant Ms. Frasure's motion to dismiss. While agreeing with the majority's view that the "bad faith" test regarding the destruction of potentially useful evidence, set forth inYoungblood, may impose an unacceptable burden on a defendant, and preferring the establishment of a balancing test, such as those adopted in the cases cited by the majority, I part with them in concluding that bad faith is not established in this case. In particular, I find the holding of the Sixth District in Durnwald, supra, instructive. *Page 22 
 {¶ 81} As the majority states, in Durnwald, the Sixth District overruled the trial court's denial of a motion to suppress, when the arresting state trooper left the video of appellant's arrest in the video recorder in his cruiser, where it was, evidently, partly erased by cadets during a training procedure. Id. at ¶ 27, 34, 36-37. The arresting trooper testified it was common practice to leave videos in the recorder when they depicted, "just a DUI arrest." Id. at ¶ 33. Noting the likelihood that a defendant in a DUI case will ask for the video, the Sixth District held that, "such a continuing cavalier attitude toward the preservation of DUI video tape evidence rises to the level of bad faith." Id. at ¶ 36.
 {¶ 82} In a nutshell, the Durnwald court determined that bad faith, for Youngblood purposes, will be found when the state adopts procedures regarding the preservation of potentially useful evidence which make likely, or assure, the evidence will be damaged or destroyed. That is the situation presented to us by this case.
 {¶ 83} Section 103.10 of the State Highway Patrol manual requires the patrol to maintain evidence until after the prosecution and disposition of a case. Nevertheless, Lieutenant Hill of the state patrol testified that in fatal crashes, the patrol, on completing its investigation, releases the vehicles involved on approval from the prosecutor — in cases, it seems, where charges have not yet been filed. The procedure virtually assures that important and useful evidence will periodically be destroyed by the state, prior to a defendant's chance to examine it, simply due to tardiness in obtaining an indictment. I respectfully believe this evinces the same cavalier attitude the Sixth District found to be bad faith in Durnwald. *Page 23 
 {¶ 84} Mr. Lipian's testimony established that examination of the vehicles involved in this tragedy would have been useful to him in helping prepare Ms. Frasure's defense. The state should not be allowed to adopt procedures tending to make the destruction of such evidence likely, then contend the evidence was destroyed through negligence, or happenstance.
 {¶ 85} I respectfully dissent. *Page 1